UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maurice Whyte,                                     Case No. 3:24-cv-1378

          Plaintiff,

v.                                                     ORDER

Corrections Center of Northwest Ohio, et al.,

          Defendants.

On August 12, 2024, *pro se* Plaintiff Maurice Whyte initiated this action by filing his Complaint and an application to proceed *in forma pauperis*. (Doc. Nos. 1 and 2). At that time, he was an inmate at the Corrections Center of Northwest Ohio.

United States Magistrate Judge Darrell A. Clay granted Whyte's application to proceed *in forma pauperis* on November 20, 2024. (Doc. No. 3). On that date, Judge Clay's Order was mailed to Whyte at the address he had provided to the Court – the address of the Corrections Center of Northwest Ohio. On December 2, 2024, this Order was returned to the Court as "not deliverable as addressed" and "unable to forward." (Doc. No. 4). The envelope also indicated that Whyte had been released. (*Id.*).

It is well-settled that a *pro se* litigant "has an affirmative duty to notify the Court of any change in address." *Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019) (citing *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir.

1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.")).

In this case, Whyte has failed to fulfill his obligation of notifying the Court of his updated contact information following his release. I conclude this failure demonstrates a lack of prosecution and dismiss this case without prejudice. Still, I retain jurisdiction to vacate this Order and reopen the action should Whyte notify the Court of his updated contact information and intent to proceed with this action within thirty (30) days of this Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge